UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


:
ANTHONY V. ONORATO                  :
:
:
v.                                  :   CIV. NO. 3:13CV1494 (HBF)
:
TIMEDX, LLC                         :
:


RULING ON MOTION TO DISMISS

Plaintiff  Anthony V. Onorato brings this employment discrimination action against his former employer, TriMedx, LLC, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq. and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §46a-60(a)(1), because his employment was unlawfully terminated on the basis of age.[1] Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff opposes the motion.

---

[1]This action was commenced upon the filing of the original complaint on October 11, 2013. [Doc. #1]. On November 12, 2013, defendant filed a Motion to Dismiss the Complaint. In response, plaintiff filed an Amended Complaint on December 3, 2013. [Doc. #18].  On December 23, 2013, defendant filed a Motion to Dismiss the Amended Complaint. [Doc. #20]. Plaintiff filed his response on January 7, 2014. [Doc. #23]. Also considered were defendant's reply and notice of supplemental authority, [doc. #25, 26], and plaintiff's response to defendant's supplemental authority. [Doc. #28].

For the reasons that follow, defendant's Motion to Dismiss **[Doc. #20]** is **GRANTED**.

## Factual Background

The following facts are taken as true for purposes of this motion.

Onorato was employed as a Clinical Engineering Manager for TriMedx at St. Vincent's Hospital in Bridgeport, Connecticut, from 2008 through January 12, 2012. [Amend. Compl. ¶¶3, 6(c), 9(c). Plaintiff was born in 1954 and was more than forty years of age during his employment at TriMedx.  In August or September 2011, a member of defendant's senior management, Joseph Skochdopooe, asked plaintiff how much longer plaintiff was planning on working for defendant before retiring. Id. ¶¶6(a), 9(a). Plaintiff responded that he was only fifty-seven years old and that his father was ninety-one, and that plaintiff had no plan to retire. Id.

Subsequently, TriMedx began harassing plaintiff regarding his mileage reimbursement and began an investigation into plaintiff's use of paid time off, payments received as part of his compensation for not using his paid time off, and work schedule. Id. ¶¶6(b), 9(b).

TriMedx's harassment regarding plaintiff's mileage reimbursement and its investigation of plaintiff's paid time off

were a subterfuge to justify defendant's termination of plaintiff's employment, which was actually because of plaintiff's age. Plaintiff's employment with TriMedx was terminated on or about January 12, 2012. Plaintiff was replaced by an individual who is under forty years of age. Id. ¶¶6(c), 9(c). As a practice, TriMedx replaces older experienced managers with younger inexperienced managers. Id. ¶¶6(d), 9(d).

## Standard of Law

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the Amended Complaint as true and construes them in a manner favorable to the plaintiff. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Fulton v. Goord, 591 F.3d, 41 (2d Cir. 2009); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in favor of the plaintiff as the nonmoving party. See, e.g ., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

The Court begins its analysis by "'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d

3

Cir. 2009). Next, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement of relief.'" Hayden, 594 F.3d at 161 (quoting Iqbal, 556 U.S. at 677-78). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

## DISCUSSION

### Counts One and Two: Violation of the ADEA and CFEPA

Onorato alleges that the adverse employment action he suffered violated the ADEA and CFEPA because TriMedx terminated his employment on the basis of his age. [2]

"The ADEA prohibits employers from taking an adverse action against an employee 'because of such individual's age.'" Miller

---

[2] In its motion to dismiss, TriMedx does not explicitly address Onorato's CFEPA claim of age discrimination; rather, defendant states that both counts should be analyzed together. "It is well established that CFEPA claims proceed under the same analysis as ADEA claims." Herbert v. Nat'l Amusements, Inc., 833 F. Supp. 2d 192, 202 (D. Conn. 2011) (citing Craine v. Trinity Coll., 259 Conn. 625, 637 n. 6 (2002)). Thus, to the extent TriMedx argues that Onorato fails to state a claim under the ADEA, those arguments apply to Onorato's CFEPA claim as well.

v. Ethan Allen Global, Inc., Civil No. 3:10-CV-1701 (JCH), 2011
WL 3704806, at *9 (D. Conn. Aug. 23, 2011) (quoting 29 U.S.C.
§623(a). "[T]he ordinary meaning of the ADEA's requirement that
an employer took adverse action 'because of' age is that the age
was the 'reason' that the employer decided to act." Gross v.
Financial Serv., Inc., 557 U.S. 167, 176 (2009). "To survive a
motion to dismiss, a plaintiff must meet the plausibility
standard articulated by the Supreme Court in Iqbal," 556 U.S. at
678. Miller, 2011 WL 3704806, at *9  "To plead a claim under
the ADEA, a plaintiff must allege: (1) he is a member of a
protected class; (2) his job performance was satisfactory; (3) he
suffered adverse employment action; and (4) the circumstances
surrounding that action permit an inference of discrimination
based on age." Gonzalez v. Carestream Health, Inc., 520 Fed.
Appx. 8, 10 (2d Cir. 2013) (citing Grady v. Affiliated Cent.,
Inc., 130 F.3d 553, 559 (2d Cir. 1997); O'Reilly v. Marina-Dodge,
Inc., 435 Fed. Appx. 8, 9-10 (2d Cir. May 19, 2011).

     "The Second Circuit employs the burden shifting analysis
specified in McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct.
1817, (1973), to assess age discrimination claims." Miller, 2011
WL 3704806, at *10 (citing  O'Reilly, 435 Fed. Appx. at 9).
Under the three-step analysis, Onorato must establish a prima
facie case of discrimination; TriMedx then must articulate a

legitimate nondiscriminatory reason for the action; and in turn
the burden shifts back to Onorato to prove by a preponderance of
the evidence that age was the "but for" case of TriMedx's
conduct.  Id.

Defendant argues that Onorato has not pleaded sufficient
facts to establish the second and fourth elements of a prima
facie case of age discrimination.

Defendant first argues that Onorato's Amended Complaint
fails to include allegations establishing that he was qualified
for his position to satisfy the second element of his prima facie
case.  However, because Onorato was employed by TriMedx for
approximately three years, this Court can plausibly infer that by
TriMedx's own standards he was qualified for his position. See
Quinones v. Kohler Mix Specialties, LLC, Civil Action No. 3:09-
CV-1979 (JCH), 2010 WL 1782030, at *4 (D. Conn. Apr. 30, 2010).

Onorato failed to plead any facts establishing an inference
of discrimination to satisfy the fourth element of his prima
facie case.  The Amended Complaint lacks any factual allegations
of how TriMedx "as a practice . . . is replacing older
experienced managers with younger inexperienced managers," Amend
Compl. ¶¶6(d), 9(d); subjected Onorato to harassment and
investigations into his mileage reimbursement and use of paid
time off as "subterfuge for Defendant to terminate [his]

6

employment <u>because of [his] age</u>," and, after terminating his employment, "replaced" plaintiff with "an individual who [was] under 40 years of age." Amend. Compl. ¶¶6(b)(c), 9(b)(c). Onorato does not provide factual support for these allegations.  <u>See</u> <u>Quinones v. Kohler Mix Specialties, LLC</u>, Civil Action No. 3:09-CV-1979 (JCH), 2010 WL 1782030, at *4 (D. Conn. Apr. 30, 2010); <u>Miller</u>, 2011 WL 3704806, at *10; <u>see also</u> <u>Donovan  v. Yale Univ.</u>, Civil Action No. 3:12-CV-00549 (VLB), 2014 WL 701511, at *11-12 (D. Conn. Feb. 24, 2014) (considering on summary judgment whether plaintiff can demonstrate a nexus between the decision maker's verbal comments and the adverse employment action.)

The only factual allegation that would lend any support to plaintiff's age claim is his statement that "a member of Defendant's senior management (Joseph Skochdopooe) asked Plaintiff how much longer Plaintiff was planning on working for Defendant before retiring . . . ." Amend. Compl. ¶¶6(a), 9(a). However, Onorato provides no factual context for this allegation. He does not allege that this manager took part in the investigation into his use of paid time off or his mileage reimbursements; had any control or influence over Onorato's terms and conditions of employment; or that he had any input into the termination decision. Similarly, the allegation that TriMedx replaced Onorato with an employee under the age of 40 is offered

without any supporting factual information or context.  On this record, Onorato has not alleged a plausible prima facie case.

## CONCLUSION

For the reasons stated, defendant's Motion to Dismiss **[Doc. #18]** the Amended Complaint is **GRANTED**. The Court dismisses Onorato's ADEA and CFEPA claims, with the right to replead within fourteen (14) days from the date of this ruling.

A telephone status conference is scheduled for September

This is not a Recommended Ruling.  The parties consented to proceed before a United States Magistrate Judge [doc. ##30, 31] on July 11, 2014, with appeal to the Court of Appeals.  Fed. R. Civ. P. 73(b)-(c).


ENTERED at Bridgeport, this 2nd day of September 2014.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE